## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**GEORGE ANDERSON**                                                          **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 3:07cv221-DPJ-JCS**

**STATE OF MISSISSIPPI**                                                      **RESPONDENT**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner  is

a inmate incarcerated at the Hinds County Detention Center, Jackson, Mississippi.  Petitioner

filed a motion for a writ of mandamus [1-1].  The Petitioner states that the state trial court

should "hold an immediate hearing on his motion to dismiss for failure to indict the

petitioner." (Pet. p. 1).  In the instant civil action, the Petitioner requests that this Court order

the state trial court to hold a hearing on the petitioner's motion to dismiss.

It appears to this Court that the Petitioner relies upon 28 U.S.C. § 1361.  That section

grants this Court original jurisdiction "of any action in the nature of mandamus to compel an

officer or employee <u>of the United States </u>or any agency thereof to perform a duty owed to the

Petitioner." 28 U.S.C. § 1361 (emphasis added).  Federal courts have no authority under

section 1361 "to issue writs of mandamus to direct <u>state courts and their judicial officers</u> in

the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk,*

*DeKalb County Superior Court*, 474 F.2d 1275-76 (5th Cir. 1973) (emphasis added); *see also*

*Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005); *Rhodes v. Keller*, 77 F. App'x 261,

(5th Cir. 2003); *Santee v. Quinlan*, 115 F.3d 355, 356-57 (5th Cir. 1997).

The respondent is not an officer or employee of the United States and therefore, is not

subject to the statutory mandamus authority of this Court. Therefore, this Court does not

have jurisdiction in the nature of mandamus, under 28 U.S.C. § 1361, to direct the

respondents to comply with Petitioner's requests. Further, "[t]he remedy of mandamus is a

drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct.*,

426 U.S. 394, 402 (1976). "Moreover, it is important to remember that issuance of the writ is

in large part a matter of discretion with the court to which the petition is addressed." *Id.* at

403.

<u>CONCLUSION</u>

This Court does not have jurisdiction to issue a writ of mandamus to direct the

Respondent to enter a ruling or make a decision on the Petitioner's motion to dismiss pending

before the state trial court. Therefore, Petitioner's motion for a writ of mandamus [1-1] is

DENIED.

A Final Judgment in accordance with this Memorandum Opinion and Order will be

entered.

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2007.

<u>s/ Daniel P. Jordan III</u>
UNITED STATES DISTRICT JUDGE